IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN CARBAUGH,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-12-02397** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Respondent** | : | |

# M E M O R A N D U M

Petitioner Justin Carbaugh, an inmate currently incarcerated at the State

Correctional Institution in Somerset, Pennsylvania ("SCI-Somerset"), initiated this

action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254. (Doc. 1.)  In the petition, Petitioner challenges his continued incarceration

pursuant to his 2011 convictions and sentence in the Court of Common Pleas of York

County, Pennsylvania ("trial court" or "York County court"), on the basis that his

sentencing order does not exist.  Petitioner also claims he is entitled to bail.  For the

reasons that follow, the petition will be denied.

I.     **Background**

On October 7, 2011, following a jury trial, Petitioner was convicted of

voluntary manslaughter and abuse of corpse in the York County court.[1]  (*See* Doc. 8-

1, Ex. 1, Docket Sheet, *Commonwealth v. Carbaugh*, CP-67-CR-0006904-2010

(2010).)  In their response to the habeas petition, Respondents provide the following

relevant facts:

> On August 5, 2010, the Pennsylvania State Police received a
> phone call from Cody Byrnes stating that Petitioner shot and killed the
> victim the previous day.  State troopers arrived at the home in which
> Petitioner and the decedent lived.  Petitioner confessed to killing the
> victim.  Troopers found the victim's body in the woods, wrapped in a
> tarp.  Petitioner had shot the victim three times and then cut the victim's
> finger tips off with hedge trimmers and cut off the victim's leg below the
> knee.  Petitioner told the troopers that he attempted to destroy and
> conceal the victim's body.  Further, Petitioner attempted to destroy
> evidence associated with the crime, including the hedge trimmers used to
> cut off the victim's finger tips and the victim's clothing.

(Doc. 8 at 2.)  On November 21, 2011, Petitioner was sentenced to a term of

incarceration of six (6) to twelve (12) years on the voluntary manslaughter

conviction, a consecutive period of two (2) years probation on the tampering with

evidence conviction, and another consecutive period of two (2) years probation on the

---

[1]  Prior to trial, Petitioner pleaded guilty to a charge of tampering with evidence on May
31, 2011.  (*See* Doc. 8-1, Ex. 1, Docket Sheet, *Commonwealth v. Carbaugh*, CP-67-CR-0006904-
2010 (2010).)

abuse of corpse conviction.  (Doc. 8-1, Ex. 1.)  Petitioner filed no post-sentence motions or direct appeal.  He also did not file any petitions for post-conviction collateral relief in state court.

Petitioner timely filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 29, 2012.[2]  (Doc. 1.)  In the petition, Petitioner raises the following grounds for relief: (1) Petitioner is entitled to immediate release because he was not provided with a copy of his sentencing order, an order he claims does not exist[3]; and (2) Petitioner is entitled to bail.  (*Id*.)  Petitioner does not present a challenge to his underlying conviction.  In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), the court issued a formal notice to Petitioner that he could either have the petition ruled on as filed, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Doc. 3.)  Petitioner filed his Notice of

---

[2]  Respondents do not contest the timeliness of the instant petition.  (*See* Doc. 8 at 8.)

[3]  Although Petitioner sets forth four (4) separate grounds for relief relating to his sentencing order claim, for purposes of discussion, the court will consolidate all (4) grounds and discuss them together, as they all relate to the existence of Petitioner's sentencing order.

Election form in response on December 10, 2012.  (Doc. 4.)  On December 19, 2012, the court issued an order directing service of the petition.  (Doc. 5.)  On January 8, 2013, Respondents filed their answer to the petition.  (Doc. 8.)  Petitioner filed a traverse on February 5, 2013.  (Doc. 9.)  Thus, the habeas petition is now ripe for disposition.

## II.    **Standard of Review - AEDPA**

The scope of this court's review on the merits of the issues presented in a Section 2254 habeas petition is set forth in 28 U.S.C. § 2254(d).  That section states, in relevant part, that exhausted claims that have been adjudicated on the merits by the state courts are subject to review under the standard of whether they are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). AEDPA places the burden on the petitioner to make this showing.  *Williams v. Taylor*, 529 U.S. 362 (2000).

The "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meaning. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court judgment is "contrary to" federal law when it is "diametrically different, opposite in character or nature, or mutually opposed" to "clearly established" decisions of the United States Supreme Court. *Williams*, 529 U.S. at 405. This may occur if "the state court ignores or misapprehends clear precedent or it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Wilkerson v. Klem*, 412 F.3d 449, 452 (3d Cir. 2005) (quoting *Williams*, 529 U.S. at 406). Alternatively, "[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quoting *Wiggins v. Smith*, 539 U.S. 510, 519, 520 (2003)). For purposes of § 2254(d)(1), "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 75-76 (quoting *Williams*, 529 U.S. at 411). Rather, "[t]he state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ. *Andrade*, 538 U.S. at 75.

Turning to Section 2254(d)(2), as well as the related Section 2254(e), the test for the "unreasonable determination of facts" clause is whether the petitioner has demonstrated by "clear and convincing evidence" that the state court's determination of the facts was unreasonable in light of the record. *Rountree v. Balicki*, 640 F.3d 530, 537 (3d Cir. 2011) (citing *Rice v. Collins*, 546 U.S. 333, 338-339, 126 S. Ct. 969, 163 L.Ed. 2d 824 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'") (quoting § 2254(e)(1)) (citing *Miller-El v. Dretke*, 545 U.S. 231, 240 125 S. Ct. 2317, 162 L.Ed. 2d 196 (2005)); *see also Simmons v. Beard*, 590 F.3d 223, 231 (3d. Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence."). Further, as with § 2254(d)(1), the evidence against which a federal court measures the

6

reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. *Rountree*, 640 F.3d at 538 (citing *Cullen v. Pinholster*, ___U.S. ___, ___, 131 S. Ct. 1388, 1401-03 (2011)).

Finally, AEDPA scrutiny is applicable only if the state court adjudicated the petitioner's claims "on the merits." 28 U.S.C. § 2254(d); *accord Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004), *rev'd on other grounds sub nom. Rompilla v. Beard*, 545 U.S. 374 (2005) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)). Further, an "adjudication on the merits" can occur at any level of state court. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). However, "to qualify as an 'adjudication on the merits,' the state court decision must finally resolve the claim. This means that the state court's resolution of the claim must have preclusive effect." *Id*. (citing *Rompilla*, 355 F.3d at 247 (quoting *Sellan*, 261 F.3d at 311)). Where a state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential AEDPA standards do not apply, and the federal court must exercise *de novo* review over pure legal

7

questions and mixed questions of law and fact.  *Simmons v. Beard*, 581 F.3d 158, 165 (3d Cir. 2009) (citing *Appel*, 250 F.3d at 210).  However, the state court's factual determinations are still presumed to be correct, rebuttable upon a showing of clear and convincing evidence.[4]  *Simmons*, 581 F.3d at 165 (citing *Appel*, 150 F.3d at 210).

## III.   Discussion

As set forth above, Petitioner raises two grounds for relief: (1) Petitioner is entitled to immediate release because he was not provided with a copy of his sentencing order, an order he claims does not exist; and (2) Petitioner is entitled to bail.  Respondents make no argument that Petitioner has failed to exhaust his state court remedies with respect to these claims.  In the interest of finality of this case, the court will exercise *de novo* review and discuss them on the merits *seriatim*.

### A.   Copy of Sentencing Order

In his first claim, Petitioner contends that he is entitled to immediate release because he has not been provided with a copy of his sentencing order.  He further avers that, because he was never provided with the sentencing order, it does not exist

---

[4] In fact, "the § 2254(e)(1) presumption of correctness applies regardless of whether there has been an 'adjudication on the merits' for purposes of § 2254(d)."  *Thomas*, 570 F.3d at 116 (quoting *Nara v. Frank*, 488 F.3d 187, 200-01 (3d Cir. 2007)).

and, therefore, he is being detained illegally.  As relief, Petitioner requests immediate

release from custody and exoneration of his criminal charges.  From a reading of the

petition and answer, it appears that Petitioner has failed to exhaust his state court

remedies with respect to this claim.  However, because the court concludes that the

claim is without merit, it need not determine whether to excuse Petitioner's failure to

exhaust.

The relevant record provided by Petitioner and Respondent is as follows.  In

his petition, Petitioner asserts that he has attempted to obtain a copy of his November

21, 2011 York County court sentencing order from a Clerk of Courts office, SCI-

Somerset Inmate Records office, the DOC's Central Office in Camp Hill,

Pennsylvania, and the Right-to-Know Office of the DOC.  (Doc. 1 at 5.)  In support,

Petitioner has attached several exhibits to his petition.  The first two exhibits are

undated "motions to vacate sentence," addressed to the "United States District Court

of Philadelphia, PA," (*Id*. at 16-18), and the United States Court of Appeals of the

Third Circuit, (*Id*. at 19-22), respectively.  Although it does not appear these motions

were filed, each document references Petitioner's attempts to obtain a copy of his

sentencing order.  Also attached to the petition is an Inmate Request to Staff Member

form dated October 2, 2012, in which Petitioner requests a copy of his sentencing

9

order from his institution's Inmate Records office.  (*Id*. at 23.)  In a response dated

October 3, 2012, a staff member states:

> If you want the Sentencing Orders, you will need to contact your
> committing county.  If you want a copy of the court commitment, follow
> these instructions: According to the DC-ADM 003, Release of
> Information Procedural Manual, Section 4, B, 11C, there is a $15.00
> retrieval fee, $1.00 for the 1st page, and .25 (25 cents) for each additional
> page.  Please forward a cash slip to our office if you want the copies
> requested.

(*Id*.)  Petitioner also attaches two letters, both also dated October 2, 2012, addressed

to "Clerk of Courts" and "Mr. Steve Burk," respectively, requesting his sentencing

order.  (*Id*. at 24-25.)  A handwritten note stating, "No Reply 11-12-12," is written on

both letters.  (*Id*.)  Finally, Petitioner attaches a November 13, 2012, letter from the

DOC's Right-to-Know Office, responding to Petitioner's request for his sentencing

order.  (*Id*. at 26-27.)  In the response, the records officer states that "[t]he record(s)

that you requested do not currently exist," but adds, "[p]lease be aware that you may

be able to obtain the record you are seeking by submitting a request to York County."

(*Id*. at 26.)  There is nothing indicating that Petitioner responded to that letter, either

by filing an appeal or by submitting a request to York County.

In their answer to the instant petition, Respondents provide the following

supporting exhibits.  First, attached as Exhibit A is Petitioner's Sentencing Order

10

from the York County court, the Honorable John S. Kennedy presiding, dated

November 21, 2011. (Doc. 8 at 10.) In the Order, Petitioner's convictions and

sentence are clearly indicated, as set forth in Counts 2, 3, and 5. (*Id*.) Specifically, it

notes that, as to Count 5, voluntary manslaughter, Petitioner was sentenced to a term

of incarceration of six (6) to twelve (12) years; as to Count 2, tampering with

evidence, Petitioner was sentenced to two (2) years probation; and as to Count 3,

abuse of corpse, Petitioner was sentenced to two (2) years probation, consecutive to

his sentence under Count 2. (*Id*.) The Order is signed by Judge Kennedy, and

stamped as a certified true copy by Don O'Shell, the York County Clerk of Courts.

(*Id*.)

Also as part of the reproduced record, Respondents included, *inter alia*, the

transcript from the November 21, 2011 hearing before Judge Kennedy in the York

County court, where Petitioner's sentence was announced. (Doc. 8-1 at 40-54, Ex. 4.)

Petitioner was present at this proceeding. (*See id*.) Further, proof of service of this

transcript dated December 21, 2011 was attached, noting "private defense counsel

[and] *pro se* defendant to be served by Clerk." (*Id*. at 55.) Respondents also attach

the Court Commitment, date January 11, 2012, noting Petitioner's sentence. (Doc. 8-

1 at 82-85.) In addition, attached is the Court Commitment packet, dated January 11,

2012, sent by the York County Clerk of Courts to the DOC records department located at SCI-Camp Hill.  (Doc. 8-1 at 96-160, Ex. 9.)  On the cover page, the Clerk of Court indicates the packet includes the following filed items: (1) Docket entry; (2) PSI or Official Version of the Crime or Police Report or Guilty Plea, dated November 21, 2011; (3) Informations; (4) Docket transcript form (OTN) sheets; (5) Criminal complaint; (6) Affidavit of probable cause; (7) Costs/fine report or cost sheet; and (8) Certified copy of sentence order, dated November 21, 2011.  (*Id*. at 86.)  Importantly, all of these documents indicate the same sentence.

Based on the evidence of record presented by both parties, it is clear that Petitioner was committed pursuant to a valid sentencing order issued on November 21, 2011.  That order was based on the pronouncement of sentence made in open court, with Petitioner present, and is identical to that pronouncement.  In the instant petition, Petitioner argues that, because he himself does not possess a copy of the valid sentencing order of November 21, 2011, and his efforts to obtain a copy of that order have thus far been futile, the order must therefore not exist.  If Petitioner does not possess the sentencing order, he argues, then his detention is illegal.  However, the records belies Petitioner's contentions.  The sentence order, in fact, does exist and is attached as Exhibit A to Respondents' answer.  (Doc. 8 at 10.)  Notably, even

though the DOC's Right-to-Know office stated that the record he was requesting "do[es] not currently exist," the office clarified that Petitioner could request the record from York County.  (Doc. 1 at 26.)  Further, Petitioner attaches the same order to his traverse, with a handwritten note, presumably authored by him, stating, "No statutes mentioned!"  (Doc. 9 at 31.)  Even though the order does not specifically reference any statutes, the counts are clearly indicated and are made in reference to Petitioner's criminal case.  (*Id*.)  Based on the court's review of the valid sentencing order, it concludes that Petitioner is not entitled to immediate release or exoneration of his convictions.  Therefore, habeas relief on this ground will be denied.

### B.   Entitlement to Bail

In his petition, in what appears to be an alternative grounds for relief, Petitioner claims that he is entitled to bail rather than "all charges off [his] criminal record." (*See* Doc. 1 at 14, 15.)  "Bail is an exceptional form of relief in a habeas corpus proceeding."  *Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986).  Accordingly, the standard for granting bail in a habeas corpus proceeding is strict.  *See Johnson v. Rosemeyer*, Civ. No. 91-2865, 1992 WL 221300, at *1 (E.D. Pa. Sept. 2, 1992) (discussing the standard for granting bail).  The Third Circuit has held that "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner

13

has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Id*. (quoting *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Moreover, "[a] convicted state prisoner may be granted bail prior to a ruling on the merits of the petition upon a showing of 'extraordinary circumstances.'" *Conover v. Reid*, Civ. A. No. 88-8490, 1989 WL 107048, at * 1 (E.D. Pa. Sept. 13, 1989) (quoting *Lucas*, 790 F.2d at 367). Such extraordinary circumstances have been limited to "poor health of the prisoner or the 'impending completion of the prisoner's sentence.'" *Johnson*, 1992 WL 221300, at *1 (quoting *Landano*, 970 F.2d at 1239).

In the instant matter, Petitioner has not alleged any extraordinary circumstances which would justify this court's grant of bail prior to disposition of his habeas petition. There is also no reason to conclude, at this stage of the review process and in light of the evidence presented by Respondents in their answer, that Petitioner will be successful in his claim relating to his sentencing order, should he present such a claim for further review. Consequently, Petitioner has not satisfied his burden of demonstrating the existence of extraordinary circumstances, and this claim will be denied.

14

## IV.    Conclusion

Based on the foregoing determination that Petitioner's claims are without merit, the court will deny the petition for writ of habeas corpus.  (Doc. 1.)

The court must now determine whether a certificate of appealability should issue.  A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, the court denies a certificate of appealability because jurists of reason would not find it debatable that denial of the petition based on the lack of merit of Petitioner's claims is correct.

An appropriate order will issue.


S/SYLVIA H. RAMBO
United States District Judge


Dated: May 19, 2014.